IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD J. NICHOLAS, | : | |
| | : | |
| Petitioner, | : | **CIVIL NO. 3:06-CV-2104** |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **PENNSYLVANIA ATTORNEY GENERAL,** | : | |
| | : | |
| Respondent. | : | |

| | | |
|---|---|---|
| EDWARD J. NICHOLAS, | : | |
| | : | |
| Petitioner, | : | **CIVIL NO. 3:06-CV-2168** |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **PENNSYLVANIA ATTORNEY GENERAL,** | : | |
| | : | |
| Respondent. | : | |

| | | |
|---|---|---|
| EDWARD J. NICHOLAS, | : | |
| | : | |
| Petitioner, | : | **CIVIL NO. 3:06-CV-2169** |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JOHN DOE,** | : | |
| | : | |
| Respondent. | : | |

## M E M O R A N D U M

### I. Background

Petitioner, Edward J. Nicholas, an inmate at the State Correctional Institution in Albion, Pennsylvania, commenced the above-captioned actions with *pro se* petitions for writs of habeas corpus. Although the petitions in CIVIL NO. 3:06-CV-2168 and CIVIL NO.

3:06-CV-2169 were filed in the United States District Court for the Eastern District of Pennsylvania ("Eastern District"), the Eastern District transferred the cases to this Court on November 6, 2006.  Also pending are Petitioner's Motions for Change of Venue (Doc. 3) in CIVIL NO. 3:06-CV-2168 and CIVIL NO. 3:06-CV-2169.  The Court has reviewed these cases and found that they involve a common Respondent, they arise from a common set of operative facts, and they involve common questions of law.  For the reasons outlined below, the motions for change of venue will be denied, the Court will direct that the cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a), and the consolidated matter will proceed under Civil Action No. 3:06-CV-2104, which was the action first filed by Petitioner.

## II.   Discussion

### A.  Motions For Change of Venue

At the outset, the Court notes that Petitioner designated his petitions in CIVIL NO. 3:06-CV-2168 and CIVIL NO. 3:06-CV-2169 as "Emergency Habeas Corpus [pursuant to] 28 U.S.C. § 2241."  However, since Petitioner is challenging his state court trial, conviction and sentence in both habeas petitions, the Court will construe his petitions under the provisions of 28 U.S.C. § 2254.  Venue for a petition for writ of habeas corpus under § 2254 will lie in the district court for the district in which Petitioner is in custody, or it may be filed in the district court of the district in which the challenged state court proceedings took place, and each of these courts shall have concurrent jurisdiction to entertain the application.  28 U.S.C. § 2254(d).  However, pursuant to the provisions of 28 U.S.C. § 1404(a), a district court may, for the convenience of the parties and witnesses, and in the interest of justice, transfer any civil action to any other district where it might have been brought.  Since

Petitioner is challenging a trial, conviction and sentence in Dauphin County, Pennsylvania, the state court and records, as well as the witnesses and testimony, are all located in Dauphin County.  Therefore, since Dauphin County is located in the Middle District of Pennsylvania, the Court concludes that the convenience of the parties and witnesses and the interest of justice would be served by denying the motions for change of venue and by maintenance of the cases in this Court.

### B.  Consolidation of Cases

Under Rule 11 of the Rules Governing § 2254 Habeas Petitions, subject to exceptions not relevant here, the Federal Rules of Civil Procedure apply to § 2254 habeas proceedings.  *See* Rule 11 of the Rules Governing § 2254 Habeas Petitions, 28 U.S.C. foll. § 2254 (1977).  Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Although there are different Respondents named in the petitions, the only appropriate Respondent for the three petitions would be the "warden of the facility where the prisoner is being held, not . . . some other remote supervisory official." *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2718 (2004).  Moreover, all three petitions challenge Petitioner's trial, conviction and sentencing in the Dauphin County Court of Common Pleas in criminal docket # 3685 of 1997.  To obtain relief on the petitions, Petitioner bears the burden of demonstrating that the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of Federal law, as determined by the Supreme

3

Court of the United States . . . [or] resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1) and (2).  The same conviction and sentence are challenged in all three of the above-captioned actions, and the facts and legal standard are identical for all three.  Consequently, since the actions contain common factors of law and fact, and they involve the same parties, this Court will order the consolidation of the three actions pursuant to Rule 42(a) and will proceed with the consolidated matter under Petitioner's first filed action, Civil Action No. 3:06-CV-2104, upon the issues stated therein.  An appropriate Order follows.

Dated: November 16, 2006.   /s/ A. Richard Caputo
                            A. RICHARD CAPUTO
                            United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD J. NICHOLAS,** | : | |
| Petitioner, | : | **CIVIL NO. 3:06-CV-2104** |
| v. | : | **(Judge Caputo)** |
| **PENNSYLVANIA ATTORNEY GENERAL,** | : | |
| Respondent. | : | |

| | | |
|---|---|---|
| **EDWARD J. NICHOLAS,** | : | |
| Petitioner, | : | **CIVIL NO. 3:06-CV-2168** |
| v. | : | **(Judge Caputo)** |
| **PENNSYLVANIA ATTORNEY GENERAL,** | : | |
| Respondent. | : | |

| | | |
|---|---|---|
| **EDWARD J. NICHOLAS,** | : | |
| Petitioner, | : | **CIVIL NO. 3:06-CV-2169** |
| v. | : | **(Judge Caputo)** |
| **JOHN DOE,** | : | |
| Respondent. | : | |

# **O R D E R**

**AND NOW, THIS 16th DAY OF NOVEMBER, 2006,** in accordance with the foregoing memorandum**, IT IS HEREBY ORDERED THAT**:

1. Petitioner's Motions for Change of Venue (Doc. 3 in CIVIL NO. 3:06-CV-2168 and CIVIL NO. 3:06-CV-2169) are **DENIED**.

2. The Clerk of Court is directed to consolidate *Nicholas v. Pennsylvania Attorney General*, Civil Action No. 3:06-CV-2168, and *Nicholas v. John Doe*, Civil Action No. 3:06-CV-2169, into *Nicholas v. Pennsylvania Attorney General*, Civil Action No. 3:06-CV-2104, pursuant to Federal Rule of Civil Procedure 42(a).

3. The Clerk of Court shall **CLOSE** the files in CIVIL NO. 3:06-CV-2168 and CIVIL NO. 3:06-CV-2169.

        /s/ A. Richard Caputo
        A. RICHARD CAPUTO
        United States District Judge